UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CORY JAMES HESSELTINE, | ) | CASE NO. C04-1690-MJP |
| | ) | (CR03-147-MJP) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution at Sheridan, Oregon. Petitioner has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his 2003 federal court sentence. Respondent has filed a response opposing petitioner's motion, and petitioner has filed a reply brief in support of his motion. Following a careful review of the record, this Court concludes that petitioner's § 2255 motion should be denied.

BACKGROUND

On May 9, 2003, pursuant to a plea agreement entered into with the government, petitioner pleaded guilty to a charge of conspiracy to produce false identification documents. The plea agreement reflects that petitioner agreed and stipulated as to the amount of loss involved in his offense and as to the applicability of two upward adjustments to his base offense level. The

REPORT AND RECOMMENDATION
PAGE -1

plea agreement also reflects that the parties disagreed as to whether the evidence supported upward adjustments based upon the number of victims involved in the offense and petitioner's use of a special skill. The parties agreed that these two issues would be decided by the Court at sentencing.

At sentencing, the government presented evidence in support of its position that petitioner's offense conduct involved 50 or more victims.[1] The Court agreed that an enhancement based on the number of victims was appropriate. The Court also apparently rejected an argument by petitioner that he was entitled to a downward departure based upon over-representation of the seriousness of his criminal history. On August 22, 2003, petitioner was sentenced to a term of 46 months confinement.

Petitioner did not file a direct appeal. He now seeks relief from his sentence under § 2255. Petitioner argues in his motion that he is entitled to relief under *Blakely v. Washington*, 124 S.Ct. 2531 (2004), because certain factors were used to increase his sentence which were never decided by a jury or admitted by petitioner during his plea. Specifically, petitioner cites to the four-point enhancement he received for the number of victims involved in the offense, and to the two criminal history points added to his criminal history score for committing his offense while under the supervision of another court for a prior offense.

The government, in its answer to petitioner's motion, argues that the motion should be denied because (1) he procedurally defaulted on his claims by failing to raise them on direct appeal, and (2) *Blakely* does not apply retroactively to cases on collateral review. Because the retroactivity issue is clearly dispositive of petitioner's claims, the Court will proceed directly to consideration of that issue.

## DISCUSSION

On June 24, 2004, the Supreme Court issued its opinion in *Blakely*. In *Blakely*, the

---

[1] While the record indicates that the government originally intended to seek an enhancement for use of a special skill, the government did not pursue such an enhancement at the time of petitioner's sentencing. (*See* CR03-147MJP, Dkt. No. 77 at 7.)

REPORT AND RECOMMENDATION
PAGE -2

01  Supreme Court addressed a provision of the Washington Sentence Reform Act which permitted
02  a judge to impose a sentence above the statutory range upon finding, by a preponderance of the
03  evidence, certain aggravating factors which justified the departure. *Id.* at 2535. The trial court
04  relied upon this provision to impose an exceptional sentence which exceeded the top end of the
05  standard range by 37 months. *Id.* The Supreme Court held that this exceptional sentence violated
06  the Sixth Amendment because the facts supporting the exceptional sentence were neither admitted
07  by petitioner nor found by a jury. The Court explained that "the 'statutory maximum' for *Apprendi*
08  purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected*
09  *in the jury verdict or admitted by the defendant.*" *Id.* at 2537 (emphasis in original).

10  While petitioner's § 2255 motion was pending, the Supreme Court issued its ruling in
11  *United States v. Booker*, 125 S.Ct. 738 (2005). In *Booker*, the Supreme Court addressed *Blakely*
12  in the context of the Federal Sentencing Guidelines and concluded that the Sixth Amendment, as
13  construed in *Blakely*, does in fact apply to the Federal Sentencing Guidelines. *Id.* at 745. The
14  Supreme Court remedied the Sixth Amendment problem by excising the provision of the
15  Sentencing Reform Act which made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus
16  rendering the guidelines effectively advisory. *Id.* at 764-5.

17  The question this Court must address is whether the rights recognized in *Blakely*, and now
18  in *Booker*, apply retroactively on collateral review. The Supreme Court did not address the
19  retroactivity question in either *Blakely* or *Booker*.[2] However, the Supreme Court's recent decision
20  in *Schriro v. Summerlin*, 124 S.Ct. 2519 (2004) is essentially dispositive of the retroactivity
21  question. In *Schriro*, the Supreme Court held that its decision in *Ring v. Arizona*, 536 U.S. 584

---

[2] The Court notes that the Ninth Circuit has yet to address this issue directly. In *United States v. Ameline*, 2005 WL 350811 (9th Cir. Feb. 9, 2005), the Ninth Circuit concluded that *Booker*, and therefore *Blakely*, applies to criminal cases pending on direct appeal at the time the *Booker* decision was rendered. *Ameline*, 2005 WL 350811, at *1. And, in *Cook v. United States*, 386 F.3d 949 (9th Cir. 2004), the Ninth Circuit concluded that *Blakely* does not apply retroactively to second or successive § 2255 motions. However, the Ninth Circuit has not yet spoken on the issue of whether *Blakely* or *Booker* apply retroactively to cases on initial collateral review.

REPORT AND RECOMMENDATION
PAGE -3

(2002), which, like *Blakely* and *Booker* applied *Apprendi* principles, is not retroactive on collateral review. *Schriro*, 124 S.Ct. at 2526-27.

In *Ring*, the Supreme Court had held, in reliance on *Apprendi*, that the Sixth Amendment gave a defendant the right to a jury determination of all aggravating factors which may lead to the imposition of the death penalty. *Ring*, 536 U.S. at 609. In *Schriro*, the Supreme Court analyzed the rule set forth in *Ring* under *Teague v. Lane*, 489 U.S. 288 (1989), to determine if the rule applied retroactively to cases already final on direct review. The Supreme Court concluded that *Ring's* holding was properly classified as procedural because it did not alter the range of conduct that Arizona law subjected to the death penalty. Instead, "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment." *Schriro*, 124 S.Ct. 2523. The Supreme Court went on to state that "[r]ules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Id*.

There is no meaningful distinction between the type of constitutional rule announced in *Ring* and the type of constitutional rule announced in *Blakely* and *Booker*. Accordingly, *Blakely* and *Booker* should be treated as procedural decisions for purposes of retroactivity analysis.

New constitutional rules of criminal procedure generally do not apply retroactively to cases on collateral review. However, retroactive effect is given to a small set of "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro*, 124 S.Ct. at 2524 (quotation marks and citations omitted). In *Schriro*, the Court acknowledged that "[t]he right to jury trial is fundamental to our system of criminal procedure," but concluded that judicial factfinding does not seriously diminish the accuracy of criminal proceedings. *Id*. at 2526. Thus, the Court held that the constitutional rule announced in *Ring* did not constitute a "watershed rule of criminal procedure" to be applied retroactively to cases already final on direct review. *Id*.

Based upon the Supreme Court's reasoning in *Schriro*, this Court concludes that the

REPORT AND RECOMMENDATION
PAGE -4

01  constitutional rule announced in *Blakely*, and more recently in *Booker*, does not constitute a
02  "watershed rule of criminal procedure" and therefore does not apply retroactively on collateral
03  review. *See Schriro*, 124 S. Ct. at 2526-27.  The Court notes that this conclusion is consistent
04  with the conclusions reached by the Seventh and Eleventh circuits on this issue. *See McReynolds
05  v. United States*, 2005 WL 237642, at *1 (7th Cir. Feb. 2, 2005); *Varela v. United States*, 2005
06  WL 367095, at *2-3  (11th Cir. Feb. 17, 2005).

07       As this Court concludes that *Booker* does not apply retroactively to § 2255 cases on initial
08  collateral review, petitioner's § 2255 motion must be denied.  A proposed order accompanies this
09  Report and Recommendation.

10       DATED this  4th  day of March, 2005.

11                          s/ Mary Alice Theiler
                        United States Magistrate Judge